IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA            No. 1:21cr39–SPB–013

v.

JEREMY RICHARD BOWES,

         Defendant

### *MOTION IN OPPOSITION TO POSTPONING THE START OF TRIAL*

       COMES NOW, the defendant Jeremy R. Bowes, through counsel Mark A. Sindler, Esquire, and represents as follows:

1. On January 08 and 09, 2025, several co–defendants sought relief from this Honorable Court in the nature of postponing the start of trial from the present date of February 18, 2025 to sometime in March. See Document Nos. 1070, 1073.

2. Mr. Bowes opposes this postponement, seeking to keep intact the start date of February 18, 2025.

3. As detailed in Document No. 1064, a brief filed in support of Mr. Bowes' pending request to dismiss indictments filed against him for the government's failure to bring him to trial in timely fashion, large swaths of time expired in the interim before dispositions on various requests for pre–trial relief occurred.

4. It was not until July 31, 2024 (or some 32 months after the initial indictment was filed) that this trial date was confirmed (Document No. 892) after it was one of two dates first proposed by court order that issued June 04, 2024. See Document No. 872.

5. As it stands, close to 40 months will have elapsed from indictment to the start of trial in this matter, if February 18, 2025 remains firm. (Prior representations regarding the passage of time from indictment to start of trial were incorrectly calculated as to Mr. Bowes. See Document No. 1064 at 9, 17, noting 51 months having elapsed. Even then, the difference of 11 less months in no way diminishes the analysis within that narrative.)

6. Scheduling orders in advance of trial provided some deadlines for the filing of material, such as statements of government witnesses, impeachment material regarding government witnesses, motions *in limine*, and notices regarding opinion testimony to be sponsored by both the government and co–defendants. See Document Nos. 872, 892. No hearing dates on said matters were set, but subject to be "scheduled by the court in a separate order." Document No. 872.

7. Beyond July 31, 2024, these deadlines, particularly as to opinion testimony, began to move back, as reflected in Document Nos. 932, 933, 940, and 1027.

8. Five months after issuance of Document No. 892, no final pre–trial order had issued to address the following matters and deadlines that are routinely attendant to a criminal trial: the time by which all government exhibits for use at trial would be disclosed, disclosure of material under Rules 404(b) and 1006, Federal Rules of Evidence, disclosure of "Brutonized" statements by witnesses to be called by the government, and submissions of proposed *voir dire*, points for charge and verdict slips. See Document No. 1041.

9. Even though the court had written that such an order would "issue in due course," see Document No. 872, no final pre–trial order appeared. Instead, the response was to have the government respond to this request, which it did December 30, 2024, at Document No. 1055.

10. A status conference remains pending for January 14, 2025, although no final pre–trial order has yet to issue from the court and only five weeks remain before trial is set to begin.

11. Apparently prompted by this absence, several co–defendants have suggested moving back the start of trial by several weeks. See Document Nos. 1070, 1073. The request seems grounded in the belief that, "the defense does not believe that the two weeks between February 4 and February 18 will allow the Court and the parties sufficient time to work through the important issues to be raised in the parties' anticipated motions *in limine*." See Document No. 1070 at 3.

12. Given that the delay in bringing Mr. Bowes to trial has already infringed upon his constitutional right to a speedy trial, he opposes a postponement of the current start of a trial to a later date.

WHEREFORE, pursuant to the foregoing representations, Mr. Bowes respectfully requests that the order filed at Document No. 892 remain intact and that trial remain scheduled to start February 18, 2025.

Respectfully submitted,

S / *Mark A. Sindler*
MARK A. SINDLER, ESQUIRE
*Pa. I.D. No. 53476*
310 Grant Street, Suite 2330
Pittsburgh, Pennsylvania 15219–2264
412.471.6680
Exonerator@consolidated.net
Counsel for Jeremy R. Bowes