**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA,    )
    )
    v.    )       **Case No. 1:21-cr-39 - Erie**
    )
HERTEL & BROWN PHYSICAL AND  )
    AQUATIC THERAPY, ET AL.,   )

**<u>DEFENSE PROPOSED JURY INSTRUCTIONS</u>**

The undersigned defendants respectfully propose the following Third Circuit Model Jury Instructions, along with the identified additional and modified instructions below (subject to the evidence and issues that arise at trial and the Court's rulings on pending Motions in Limine).

The instructions that are cited only by number are Third Circuit Model Instructions without any proposed changes. The instructions that are cited by number but also have an explanatory parenthetical are also Model Instructions, but adopt a particular (Third Circuit endorsed) version or comment. The instructions that are written out in their entirety are defense proposals based on Model instructions modified to the facts of this case, and/or have been given by other courts in similar cases.

This version, in Microsoft Word format and including the index, instruction numbers, and all citations, was shared with the government on the morning of February 17, 2025. After some communication, the government responded that it does not agree to any of these proposed instructions. The government delivered to counsel for Michael Brown an 89-page document containing all of the Government's proposed instructions. While there may be some overlap between the two documents, given the Government's blanket objection to all of the Defendants' proposed instructions, based on the language in Paragraph 11 of the Court's Final Pretrial Order

at Doc. 1107 ("To the extent that the parties cannot agree on a particular instruction, counsel for each party shall submit his/her version of the particular instruction, along with supporting authority for that instruction."), Defendants are making this defense submission of proposed instructions. To the extent feasible given the press of trial, we will continue to review the Government's 89-page document and alert the Court to any instructions that appear to be common between the two documents.

---

<u>JURY INSTRUCTIONS</u>

I.  General Instructions

    a.  Instructions 1.01 – 1.13

        a.  For instruction 1.03, Defendants request the additional paragraph on "highly publicized cases" in Instruction 1.03

        b.  For instruction 1.05, Defendants request Option 1.

        c.  For instruction 1.06, Defendants request Option 1.

    b.  Instruction 1.16 – Separate Consideration Multiple Defendants Charged with the Same Offenses

    c.  Instruction 1.19 – Corporate Criminal Responsibility (preliminary instruction before opening statements)

    d.  Caution: Medicare Civil Rules and Regulations (see below)

    e.  Instructions 2.01, 2.07, 2.09 (plus definition of "expert" in comment to Model Jury Instruction), 2.10, 2.11, 2.12, 2.16, 2.17, 2.22 (pending resolution of pending motions *in limine*), 2.23 (pending resolution of pending motions *in limine*), 2.28 (pending resolution of motions *in limine*), 2.36 (add into the final paragraph of the instruction, at the end, "Also, you must tell me immediate if you are exposed to any media about this case during the course of trial."), 2.37

    f.  Instructions 3.01 – 3.08, 3.10, 3.14, 3.16, 3.17

    g.  Instructions 4.08 (plus definition of "expert" in comment to Model Jury Instruction), 4.09, 4.10 (unless summaries are introduced into evidence under Fed. R. Evid. 1006), 4.11 (plus italicized language beginning with "however" noting challenge to

accuracy/authenticity), 4.16, 4.18 (including bracketed language), 4.19, 4.20, 4.21, 4.22, 4.24, 4.26, 4.27, 4.28, 4.29 (depending on resolution of pending motions *in limine*), 4.33, 4.33, 4.39.

    h.  Instruction 5.01

    i.  Instruction 5.02 – Knowingly (modified as reflected below)

    j.  Instruction 5.03 – Intentionally (modified as reflected below)

    k.  Instructions 5.04 – 5.05

    l.  Instruction 5.07 – Good Faith Defense (modified as reflected below)

II.    Count One: Conspiracy to Commit Health Care Fraud Or Wire Fraud

    a.  Instruction 6.18.371A: Conspiracy (modified as reflected below)

    b.  Instruction 6.18.371C: Conspiracy – Existence of an Agreement (modified as reflected below)

    c.  Conspiracy – Object of the Offense

    d.  Instruction 6.18.371D: Conspiracy – Membership in the Agreement (modified as reflected below)

    e.  Instruction 6.18.371E: Conspiracy – Mental States (modified as reflected below)

    f.  Instruction 6.18.371G: Conspiracy – Success Immaterial

    g.  Instruction 6.18.371I: Conspiracy – Duration

    h.  Instruction 6.18.371K: Conspiracy – Acts and Statements of Co-Conspirators (modified as reflected below)

III.    Count Two: Health Care Fraud Instruction 6.18.1347

    a.  Instruction 6.18.1347: Health Care Fraud – Elements of the Offense (modified as reflected below)

4

b. Instruction 6.18.1341-1: Mail, Wire, or Bank Fraud – "Scheme to Defraud or to Obtain Money or Property" Defined

c. Instruction 6.18.1347-1 Health Care Fraud – "Intent to Defraud" Defined (modified as reflected below)

d. Violations of Civil Rules, State Statutes, and Medicare/Medicaid Regulations (see below)

e. Instruction 6.18.1347-2: Health Care Fraud – Affecting Interstate Commerce

IV. Final Instructions:

a. Instruction 7:06: Corporate Criminal Responsibility

b. Instruction 7:07: Personal Criminal Responsibility of a Corporate Agent

c. Instruction 8.01: Theory of Defense (comment re: Mistake of Fact) (see below)

## CAUTION – MEDICARE CIVIL RULES AND REGULATIONS (PRELIMINARY

## INSTRUCTION)

During this trial, you may hear evidence regarding Medicare's civil rules and regulations and opinions regarding ethical standards and standards of care for physicians and non-physician practitioners such as physician's assistants and nurse practitioners and for the operation of clinics. I caution you that a violation of civil statutes, rules, regulations, ethical standards, or standards of care is not a crime. This is not a civil case. The defendants are not on trial for a civil violation or even medical malpractice. Even if you find that a Defendant violated the applicable civil statutes, rules, and regulations, a defendant cannot be convicted of a crime merely for breaching civil standards, rules, regulations, ethical standards, and standards of care applicable to his or her conduct. However, Medicare rules and regulations, ethical standards, and standards of care may be relevant in determining whether a defendant acted with criminal intent, that is knowingly and willfully with the intent to defraud Medicare. That is how you may consider the evidence.

**Source:**

This instruction was recently given in a healthcare fraud case in this district, *U.S. v. Gilbert et al*, Crim No. 21-79 (W.D. Pa. 2023).

It has been copied verbatim from *U.S. v. Valnita Turner;* 4:12-CR-244 (S.D. TX, Hon. Gray Miller), except we have substituted "for physicians and non-physician practitioners such as physician's assistants and nurse practitioners and for the operation of clinics." For "ambulance services." In the *Turner* case, as proposed by the Government and agreed to by the Defense (*see* Dkt. No. 148 in *Turner*) the instruction was read by the Court during trial when appropriate and included in the Courts Charge, by agreement between the Government and the Defense.

An almost identical instruction was included in the Court's preliminary instructions prior to the first witness on the afternoon of February 11, 2014, in *U.S. v. Mansour Sanjar et al.,* 4:11-CR-866 (S.D. TX, Hon. Vanessa Gilmore).

This instruction is a modified version of the instruction approved in *United States v. Munoz-Franco*, 487 F3d 25 (1st Cir. 2007) which cites *United States v. Christo*, 614 F2d 486, 491 (5th Cir. 1980), the watershed case dealing with the dangerous interaction between regulatory rules

violations and criminal culpability. The *Munoz-Franco* opinion, in part, relied upon the district court's following limiting instruction on the use of evidence of civil and regulatory violations:

> You have heard testimony and evidence that certain civil rules and/or regulations which govern the conduct of banks may not have been followed at times at Caguas.

> You are hereby instructed that a violation of any of these rules and regulations is not a crime in and of itself, and is not determinative of a defendant's guilt or innocence.

> The fact that certain civil rules and regulations may have been violated at Caguas may only be used by you to assist you, as you may find useful, in determining a particular defendant's motive or intent as to the crimes charged in the third superseding indictment.

- *U.S. v. Munoz-Franco*, 487 F.3d 25, 65 (1st Cir. 2007).

## CORPORATE CRIMINAL RESPONSIBILITY

(7.06)

One of the defendants in this case is a corporation. A corporation is a legal entity that may act only through individuals who are called its agents. The agents of a corporation are its officers, directors, employees, and other persons who are authorized by the corporation to act for it.

You must give to a corporate defendant the same impartial consideration of the evidence that you would give to an individual defendant. You may find a corporate defendant guilty or not guilty of the offense charged under the same instructions that apply to an individual.

The legal responsibility of a corporation, if any, is based on the conduct of its agents. In this case, the government alleges that those agents were, among others:

- Aaron Hertel
- Michael Brown
- Sarah Bailey
- Jessica Morphy
- Jacqueline Exley
- Julie Johnson
- Bobby Rainey
- Steven Bauer
- Austin Dudenhoefer
- Philip Sorensen, Jr.
- Patricia Berchtold
- Jeremy Bowes
- Jennifer Larmon
- Travis Litz
- Erin Riffe
- Abigayle Fachetti
- Lori Goss
- Marissa Hull
- Justin Burger
- Carl Lewis Jr.

To find the corporate entity Hertel & Brown Physical and Aquatic Therapy guilty of Counts One and Two, as charged in the Superseding Indictment (ECF No. 425), you must find that the

government proved beyond a reasonable doubt each of the following three (3) requirements:

First: That each of the elements of 18 U.S.C. § 1349 and 18 U.S.C. § 1347 were committed by an officer, director, employee, or other agent of Hertel & Brown Physical and Aquatic Therapy.

I have explained in these instructions the elements of those offenses.

Second: That each of the acts committed by the agents listed above were within the course and scope of the employment or agency given to them by Hertel & Brown Physical and Aquatic Therapy; and

Third: That the agents listed above committed each of these acts with the intent to benefit Hertel & Brown Physical and Aquatic Therapy.

In order to find that an act was committed within the course and scope of the employment or agency given to the agents listed above, the evidence must prove that the act related directly to the general duties that the agent was expected to perform by Hertel & Brown Physical and Aquatic Therapy. However, the government does not need to prove that the act was authorized by Hertel & Brown Physical and Aquatic Therapy formally or in writing.

If the acts were not within the course and scope of employment or agency of the agents listed above at the time the acts were committed, the acts of the agents listed above may have been later approved or adopted by Hertel & Brown Physical and Aquatic Therapy.

An act of an agent has been approved or adopted by the corporation if another agent of the corporation, who was acting within the course and scope of his or her employment or agency and with the intent to benefit Hertel & Brown Physical and Aquatic Therapy, later approved the earlier act with knowledge of the earlier act.

The agents listed above were not acting within the course and scope of their employment if that person performed an act which Hertel & Brown Physical and Aquatic Therapy in good faith,

had forbidden them to perform.

A corporate defendant is not responsible for acts which it tries to prevent.

However, a corporate defendant, like an individual defendant, may not avoid criminal responsibility by meaningless or purely self-serving pronouncements.

**KNOWINGLY**

The offense of conspiracy to commit health care fraud, as charged at Count One of the Superseding Indictment, requires that the government prove that each Defendant acted "knowingly" with respect to a certain element of the offense. The offense of health care fraud, as charged in Count Two of the Superseding Indictment, also requires that the government prove that each Defendant acted "knowingly" with respect to a certain element of the offense.

A person acts "knowingly" if that person acts voluntarily and intentionally and not because of mistake or accident or other innocent reason. This means that the government must prove beyond a reasonable doubt that each Defendant was conscious and aware of the nature of their actions and of the surrounding facts and circumstances, as specified in the definition of the offenses charged.

Specifically, with regard to Count One, this means that the government must prove beyond a reasonable doubt that each Defendant (1) was conscious and aware that an illegal agreement to commit healthcare fraud and wire fraud existed, (2) knew the goals and objectives of that agreement, and (3) deliberately and voluntarily joined that agreement, intending to achieve those goals and objectives. With regard to Count Two, this means that the government must prove beyond a reasonable doubt that each Defendant (1) was conscious and aware of a scheme to defraud or to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by or in the custody or control of the health care benefits programs, and (2) was conscious and aware of his or her participation in that scheme.

Source: Third Circuit Model Jury Instruction 5.02 (modified); Third Circuit Model Jury Instruction 6.18.371E (modified)

**INTENTIONALLY**

The offense of conspiracy to commit health care fraud, as charged at County One of the Superseding Indictment, requires that the government prove that each Defendant acted "intentionally" with respect to a certain element of the offense. The offense of health care fraud, as charged in Count Two of the Superseding Indictment, also requires that the government prove that each Defendant acted "with intent" with respect to a certain element of the offense.

This means that the government must prove beyond a reasonable doubt either that (1) it was each Defendant's conscious desire or purpose to act in a certain way or to cause a certain result, or tht (2) each Defendant knew that he or she was acting in that way or would be practically certain to cause that result.

Specifically, with regard to Count One, this means that in this case the government must prove beyond a reasonable doubt that each Defendant (1) was conscious and aware that an illegal agreement to commit healthcare fraud and wire fraud existed, (2) knew the goals and objectives of that agreement, and (3) deliberately and voluntarily joined that agreement, intending to achieve those goals and objectives.

With regard to Count Two, this means that in this case the government must prove beyond a reasonable doubt that each (1) was conscious and aware of a scheme to defraud or to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by or in the custody or control of the health care benefits programs, and (2) was conscious and aware of his or her participation in that scheme.

Source: Third Circuit Model Jury Instruction 5.03 (modified); Third Circuit Model Jury Instruction 6.18.371E; Third Circuit Model Jury Instruction 6.18.1347

**GOOD FAITH DEFENSE**

The offense of health care fraud charged in the Superseding Indictment requires that each Defendant acted knowingly and willfully with the intention or the purpose to defraud a health benefit program. Likewise, the offense of conspiracy to commit health care fraud charged in the Superseding Indictment requires proof that each Defendant knowingly and intentionally agreed and conspired to engage in a scheme to defraud a health benefit program.  If you find that a defendant acted in "good faith," that would be a complete defense to the charge against that defendant, because good faith would be inconsistent with acting with the intent to defraud. The essence of the good-faith defense is that one who acts with honest intentions cannot be convicted of a crime requiring fraudulent intent because, if a defendant believed he or she were acting properly, even if he or she were mistaken in that believe, and even if others were injured or lost money, there would be no crime.

A person acts in "good faith" when he or she has an honestly held belief, opinion, or understanding that that his or her acts were not unlawful, even though the belief, opinion, or understanding turns out to be inaccurate or incorrect. For example, evidence which establishes that a person in good faith followed the advice of counsel or another trusted third-party advisory (such as an accountant), or that an employee in good faith followed the directives of his/her superior, would be inconsistent with an unlawful intent. In this case, if a defendant made an honest mistake or had an honest misunderstanding about the lawfulness of his or her actions, then he or she did not act with the intent to conspire to defraud a health benefit program or the intent to defraud a health benefit program. Proof of fraudulent intent requires more than proof that a defendant only made a mistake in judgment or management or was careless.

It is not enough for the government to show that a "reasonable" physical therapist, physical therapy assistant, or technician would not have acted in a certain way or would have investigated further or even that other professionals in their field might have looked askance at a practice. The government must instead show that the Defendants themselves did not have a good faith belief that their conduct was lawful. Common industry practice or standards may be relevant to deciding whether the government has met that burden. For example, evidence that a Defendant acted in line with industry practice might suggest that she had a good faith belief that her conduct was lawful and cast doubt on the wrongful intent that is an element of the charged offenses. And flagrant departures from industry norms might suggest the contrary. Even so, noncompliance with industry norms is not, in itself, sufficient to show the absence of good faith.

None of the defendants has the burden of proving "good faith." Good faith is a defense because it is inconsistent with the requirement of the offenses charged, that a defendant acted knowingly and willfully with the intent to conspire to defraud a health benefit program care fraud or the intent to defraud a health benefit program.

As I have told you, it is the government's burden to prove beyond a reasonable doubt each element of the offense, including the mental state element. In deciding whether the government proved that any of the defendants acted knowingly and willfully with and with the intent to conspire to defraud a health benefit program or the intent to defraud a health benefit program or, instead, whether any of the defendants acted in good faith, you should consider all of the evidence presented in the case that may bear on each defendant's state of mind. If you find from the evidence that a particular defendant acted in good faith, as I have defined it, you must find that defendant not guilty of the offenses of conspiracy to defraud a health benefit program and not guilty of the offense of health care fraud.

Just because one or more of the defendants raised an affirmative defense of good faith, that does not relieve the government of its burden to prove all the elements of the offense beyond a reasonable doubt. Thus, even apart from good faith, if you find for any other reason that the government has not proved beyond a reasonable doubt that a particular defendant acted knowingly and willfully and with the intent to conspire to defraud a health benefit program or to defraud a health benefit program, you must find that defendant not guilty of the charged crime.

Third Circuit Model Jury Instruction 5.03 (modified); 1 Modern Federal Jury Instructions – Criminal P 8.01(2024); Eighth Circuit Pattern Criminal Jury Instructions 9.08A (Good Faith – Fraud Cases); Eleventh Circuit Criminal Pattern Jury Instructions Special Instruction 18 – Good Faith Reliance Upon Advice of Counsel; *Ruan v. United States*, 597 U.S. 450, 466 (2022).

## COUNT ONE

## CONSPIRACY TO COMMIT WIRE AND HEALTH CARE FRAUD

Count One of the Indictment charges that from in and around January 2007 to in and around October 2021, in the Western District of Pennsylvania, all Defendants agreed or conspired with one or more other persons to commit wire and health care fraud.

In order to find each Defendant guilty of this offense, you must find that the government proved each of the following three (3) elements beyond a reasonable doubt:

First: An agreement existed between two or more people to commit wire fraud and healthcare fraud in violation of 18 U.S.C. § 1347 and 18 U.S.C. §1343. I will explain the elements of those offenses to you shortly.

Second: That each Defendant was a party to or member of that agreement; and

Third: That each Defendant joined the agreement or conspiracy knowing of its objectives to defraud a health benefit program by means of false or fraudulent pretenses, representations, or promises, in connection with the delivery of payment for healthcare benefits; and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that each Defendant and at least one other alleged conspirator shared a unity of purpose and the intent to defraud a health benefit program.

Although conspiracy involves two or more persons agreeing to commit a particular crime, you must separately consider the evidence against each Defendant on the conspiracy charge in Count One, and you must return a separate verdict for each Defendant on Count One.

Source: Third Circuit Model Jury Instruction 6.18.371A (modified), 3.14 (Multiple Defendants Charged with the Same Offenses)

16

## CONSPIRACY – EXISTENCE OF AN AGREEMENT

The first element of the crime of conspiracy is the existence of an agreement. The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy: to defraud a health benefit program.

The government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding. The government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objectives, or agreed to all the details, or agreed to what the means were by which the objectives would be accomplished. The government is not even required to prove that all the people named in the Superseding Indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known. What the government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed. You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

In assessing the evidence put forth the government, you must determine whether the

17

government proved, beyond a reasonable doubt, that two or more persons engaged in coordinated action in support of a common goal, and that there was a link between the co-conspirators' conduct that suggests integration or unity of purposes.

It is insufficient to demonstrate parallel conduct between two or more of the defendants without a showing of a common goal to commit health care fraud.

The indictment charges a conspiracy to commit several federal crimes. The government does not have to prove that the alleged conspirators agreed to commit all of these crimes. The government, however, must prove that they agreed to commit at least one of the object crimes, and you must unanimously agree on which crime. You cannot find any defendant guilty of conspiracy unless you unanimously agree that the same federal crime was the objective of the conspiracy. It is not enough if some of you agree that one of the charged crimes was the objective of the conspiracy and others agree that a different crime was the objective of the conspiracy.

Source: Third Circuit Model Jury Instruction 6.18.371C (modified), *United States v. Tyson*, 653 F.3d 192, 210 (3d Cir. 2011)

## CONSPIRACY - OBJECT OF THE OFFENSE

In order to find each Defendant guilty of conspiracy you must find that the government proved beyond a reasonable doubt that each Defendant knew of its objectives to commit criminal offenses and specifically intended to achieve the accomplishment of those criminal offenses. In this case, the government has alleged that the objectives of the conspiracy were to commit wire fraud and healthcare fraud. I will explain the elements of those offenses now.

The elements of wire fraud are:

First: That the defendant knowingly devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises, or willfully participated in such a scheme with knowledge of its fraudulent nature;

Second: That the defendant acted with the intent to defraud; and

Third: That in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

A scheme to defraud, an intent to defraud, and interstate commerce, will each be defined for you later in these instructions.

As to healthcare fraud, I will explain the elements of that offense to you when I discuss Count 2 of the indictment.

Source: Third Circuit Model Jury Instruction 6.18.371A and 6.18.1343.

**CONSPIRACY – MEMBERSHIP IN THE AGREEMENT**

If you find that a criminal agreement or conspiracy existed, then in order to find each Defendant guilty of conspiracy you must also find that the government proved beyond a reasonable doubt that each Defendant knowingly and intentionally joined that agreement or conspiracy during its existence. The government must prove that each Defendant knew the goals or objectives of the agreement or conspiracy—namely, to defraud a health benefit program—and voluntarily joined it during its existence, intending to achieve the common goals or objectives and to work together with the other alleged conspirators toward those goals or objectives. You must consider each Defendant separately in this regard.

The government need not prove that each Defendant knew everything about the conspiracy or that each Defendant knew everyone involved in it, or that each Defendant was a member from the beginning. The government also does not have to prove that each Defendant played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether each Defendant joined the conspiracy, knew of its criminal objectives, and intended to further the objectives. Evidence which shows that a Defendant only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that he or she was a member of the conspiracy even if he or she approved of what was happening or did not object to it. Likewise, evidence showing that each Defendant may have done something that happened to help a conspiracy does not necessarily prove that he or she joined the conspiracy. You may, however, consider this evidence, with all the other evidence, in deciding whether the government proved beyond a reasonable doubt that each Defendant joined the conspiracy.

Source: Third Circuit Model Jury Instruction 6.18.371H; Sixth Circuit Pattern Jury Instructions

3.03

**CONSPIRACY – MENTAL STATES**

To find any Defendant guilty of conspiracy you must find that the government proved beyond a reasonable doubt that Defendant joined the conspiracy knowing of its objectives and intending to help further or achieve those objectives.   That is, the government must prove: (1) that the particular Defendant knew of the objectives or goals of the conspiracy, (2) that the Defendant joined the conspiracy intending to help further or achieve those goals or objectives, and (3) that the Defendant shared a unity of purpose toward those objectives or goals with at least one other alleged conspirator.

For the purposes of the conspiracy charge, a person acts "knowingly" if that person acts voluntarily and intentionally and not because of mistake or accident or other innocent reason. A defendant cannot be convicted of conspiracy based on a state of mind that does not rise to the level of knowing participation in the conspiracy.

You may consider both direct evidence and circumstantial evidence, including each Defendant's words or conduct and other facts and circumstances, in deciding whether each individual had the required knowledge and intent. The mere fact that a defendant may or could have derived some benefit from the conspiracy is not, in itself, enough to show that he or she had the requisite intent to join the conspiracy. That said, evidence that a defendant received little or no benefit from the conspiracy or had little or no stake in the achievement of the conspiracy's objectives might tend to show that he or she lacked the required intent or purpose that the conspiracy's objectives be achieved and thus make it less likely that he or she joined the alleged conspiracy. And the contrary may be true if a defendant received a greater benefit.

Source: Third Circuit Model Jury Instruction 6.18.371E (modified), *United States v. Maury*, 695 F.3d 227, 261 (3d Cir. 2012)

**COUNT TWO**

**HEALTH CARE FRAUD**
**ELEMENTS OF THE OFFENSE (18 U.S.C. § 1347)**

Count Two of the Superseding Indictment charges all Defendants with Health Care Fraud, which is a violation of federal law.

In order to each Defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

**First**: That each Defendant knowingly devised or participated in a scheme to defraud various Health Care Benefit Programs and to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of such Health Care Benefit Programs in connection with the delivery of or payment for health care benefits, items, or services;

**Second**: That each Defendant acted with the intent to defraud the Health Care Benefit Programs; and

**Third**: That the false or fraudulent pretenses, representations, or promises that each Defendant used were material; and

**Fourth**: That such Health Care Benefit Programs were both private and public plans or contracts, affecting commerce, under which medical benefits, items, or services were provided to any individual.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation is also "false" when it constitutes a half-truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

Source: Third Circuit Model Jury Instruction 6.18.1347 (modified); Fifth Circuit Criminal Model

Jury Instructions 2.59.

**HEALTH CARE FRAUD – SCHEME TO DEFRAUD DEFINED**

The first element that the government must prove beyond a reasonable doubt is that each Defendant knowingly devised or willfully participated in a scheme to defraud the Health Care Benefit Programs of money or property by materially false or fraudulent pretenses, representations or promises.

A "scheme" is merely a plan for accomplishing an object.

"Fraud" is a general term which embraces all the various means by which one person can gain an advantage over another by false representations, suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

In this case, the indictment alleges that the scheme to defraud was carried out by making false or fraudulent statements, representations, and claims. The representations which the government charges were made as part of the scheme to defraud are set forth in the indictment (which I have already read to you). The government is not required to prove every misrepresentation charged in the indictment. It is sufficient if the government proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme to defraud.

However, you cannot convict the defendant unless all of you agree as to at least one of the material misrepresentations.

A statement, representation, claim or document is false if it is untrue when made and if the person making the statement, representation, claim or document or causing it to be made knew it was untrue at the time it was made.

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

In addition, deceitful statements of half-truths or the concealment of material facts or the expression of an opinion not honestly entertained may constitute false or fraudulent statements. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance.

The deception need not be premised upon spoken or written words alone. If there is deception, the manner in which it is accomplished is immaterial.

This means that if you find that a particular claim or statement of fact was false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions of material facts.

A false representation is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of a reasonable person in deciding whether to engage or not to engage in a particular transaction. A misrepresentation cannot be deemed material merely because the government designates compliance with a particular statutory, regulatory, or contractual requirement as a condition of payment. Nor is it sufficient for a finding of materiality that the government would have the option to decline to pay if it knew of the defendant's noncompliance. Materiality, in addition, cannot be found where noncompliance is minor or insubstantial.

Proof of materiality can include, but is not necessarily limited to, evidence that the defendant knows that the government consistently refuses to pay claims in the mine run of cases based on noncompliance with the particular statutory, regulatory, or contractual requirement. Conversely, if the government pays a particular claim in full despite its actual knowledge that

26

certain requirements were violated, that is very strong evidence that those requirements are not material. Or, if the government regularly pays a particular type of claim in full despite actual knowledge that certain requirements were violated, and has signaled no change in position, that is strong evidence that the requirements are not material.

In order to establish a scheme to defraud, the government must also prove that the alleged scheme contemplated depriving another of money or property.

However, the government is not required to prove that a particular Defendant originated the scheme to defraud. Furthermore, it is not necessary that the government prove that each Defendant actually realized any gain from the scheme or that any intended victim actually suffered any loss.

If you find that the government has proved beyond a reasonable doubt that the scheme to defraud charged in the indictment did exist and that the defendant knowingly devised or participated in the (overall) scheme charged in the indictment, you should then consider the second element.

Third Circuit Model Criminal Jury Instruction 6.18.1341-1 (modified); *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 194-95 (2016) (explaining the materiality standard as it relates to false misrepresentations under the False Claims Act).

**HEALTH CARE FRAUD**

**"INTENT TO DEFRAUD" DEFINED**

The second element that the government must prove beyond a reasonable doubt is that each Defendant acted with the intent to defraud the Health Care Benefit Programs at issue in this case.

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.

In considering whether each Defendant acted with an intent to defraud, you may consider, among other things, whether each individual acted with a desire or purpose to bring about some gain or benefit to themselves or someone else at the expense of the Health Care Benefit Programs or with a desire or purpose to cause some loss to the Health Care Benefit Programs.

Source: Third Circuit Model Jury Instruction 6.18.1347-1 (modified), *United States v. Maury*, 695 F.3d 227, 261-62 (3d Cir. 2012)

## VIOLATIONS OF CIVIL RULES, STATE STATUTES, MEDICARE AND MEDICAID REGULATIONS

You have heard evidence concerning alleged violations of various civil rules, including Medicare and other insurer rules, regulations, or guidelines.   I hereby instruct you that evidence of those various violations does not necessarily mean that a crime has been committed, but that same evidence may or may not be relevant in determining the Defendant's state of mind, and whether the Defendant acted with criminal intent.

Even if you find the claims to the Health Care Benefit Programs at issue in this case were not allowable under the applicable statute, rules, and regulations, a defendant cannot be convicted of a crime merely for breaching civil statutes, rules, regulations, ethical standards, and standards of care applicable to their conduct.   The Government may not rely upon civil regulatory violations of the federal healthcare laws as evidence of a defendant's guilt of the charged offenses.

*United States v. Mahmud*, 541 Fed.Appx. 630, 634 (6th Cir.2013); *United States v. Christo*, 614 F.2d 486 (5th Cir.1980) (evidence of a violation of a civil regulatory statute is irrelevant and prejudicial in a criminal case based upon misapplication of bank funds); *United States v. Steinman*, 172 Fed. 913 (3d Cir.1909) (in a case involving bank overdrafts, that it was reversible error for the district court to instruct the jury that unlawful acts of maladministration (the overdrafts exceeded civil lending limitations) evidenced an intent which warranted conviction under the misapplication statute).

**MISTAKE OF FACT DEFENSE**

The defendants have raised as a defense that their mistake about legal, regulatory, contractual, and other claims and billing rules shows that they did not have the knowledge, intent, and willfulness required to be guilty of the offenses.  It is the government's burden to prove beyond a reasonable doubt that each defendant had the knowledge, intent, and willfulness required for each offense. If, after considering all the evidence in this case, you have a reasonable doubt about whether a defendant had the knowledge, intent, or willfulness required for an offense, because of a mistake or for any other reason, you must find the defendant not guilty of that offense.

Source: Third Circuit Model Jury Instructions, Comment to 8.01, Theory of Defense.

Respectfully submitted on February 17, 2025:

> /s/ Colin J. Callahan
> Colin J. Callahan (PA: 328033)
> Flannery Georgalis, LLC
> 436 Seventh Avenue
> Kopper Building, Ste. 2100
> Pittsburgh, PA 15219
> 412-213-4246
> ccallahan@flannerygeorgalis.com
>
> /s/ W. Benjamin Reese
> W. Benjamin Reese (OH 0096108)
> *(Pro Hac Vice)*
> Flannery Georgalis, LLC
> 175 South Third Street, Suite 1060
> Columbus, OH 43215
> 216-230-9041
> breese@flannerygeorgalis.com
>
> *Attorneys for Defendant Aaron Hertel*
>
> /s/ Wesley Gorman
> Michael A. Comber (PA: 81951)

30

S. Wesley Gorman (PA: 325565)
Comber Miller LLC
300 Koppers Building, 436 Seventh Avenue
Pittsburgh, PA 15219
412-894-1380
412-291-2109 (fax)
mcomber@combermiller.com
wgorman@combermiller.com

*Attorneys for Defendant Michael Brown*


*/s/ Thomas C. Ryan*
Thomas C. Ryan, Esq. (PA: 92482)
Mark A. Rush, Esq. (PA: 49661)
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, PA 15222
412-355-6500
412-355-6501(fax)
thomas.ryan@klgates.com
mark.rush@klgates.com

*Attorneys for Defendant Hertel & Brown Physical
and Aquatic Therapy, P.C.*


*/s/ David Berardinelli*
David J. Berardinelli (PA: 79204)
DeForest Koscelnik & Berardinelli
436 Seventh Ave., 30th Floor
Pittsburgh, PA 15219
412-227-3100
412-227-3130 (fax)
berardinelli@deforestlawfirm.com

*Attorney for Defendant Patricia Susan Berchtold*


*/s/ Efrem M. Grail*
Efrem M. Grail (PA: 81570)
Julie M. Gitelman (PA: 327449)
The Grail Law Firm
428 Boulevard of the Allies, Suite 500
Pittsburgh, PA 15219
412-332-9101

856-210-7354 (fax)
egrail@graillaw.com
jgitelman@graillaw.com

*Attorneys for Julie Johnson*


*/s/ Elliot J. Segel*
Elliot J. Segel (PA: 32018)
Segel Law, LLC
818 Sate Street
Erie, PA 16501
814-464-2300
es@legalsegel.com

*Attorney for Marissa Sue Hull*


*/s/ Jeffery Carr*
Jeffery Carr
Sarah Levin (PA: 334602)
Office of the Federal Public Defender
Western District of Pennsylvania
1001 State Street, Ste. 1111
Erie, PA 16501
814-455-8089
814-455-8624 (fax)
Jeffery_Carr@fd.org
Sarah_Levin@fd.org

*Attorneys for Abigayle Fachetti*


*/s/ Richard H. Blake*
Richard H. Blake (OH: 0083374)
(Pro Hac Vice)
Alex S. Bruce (OH: 0100196)
(Pro Hac Vice)
McDonald Hopkins LLC
600 Superior Ave., Suite 2100
Cleveland, OH 44114
216-348-5400
216-348-5474 (fax)
rblake@mcdonaldhopkins.com
abruce@mcdonaldhopkins.com

*Attorneys for Defendant Jessica Jeanne Morphy*

<u>/s/ Mark A. Sindler</u>
Mark A. Sindler (Pa.: 53476)
310 Grant Street, Suite 2330
Pittsburgh, PA 15219–2264
412-471-6680
Exonerator@consolidated.net

*Attorney for Jeremy R. Bowes*

33